# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 26, 2025

Lyle W. Cayce
Clerk

No. 24-40559

_____

Torin Smith,

*Plaintiff—Appellant*,

*versus*

Jeff Neal, *Sheriff*; Bowie County, Texas; Johnson, *Kitchen Supervisor, Bowie County Correctional Center*,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:23-CV-100

_____

Before Jones, Duncan, and Douglas, *Circuit Judges*.

Per Curiam:[*]

   Torin Smith, currently Arkansas prisoner # 164194, filed a 42 U.S.C. § 1983 complaint seeking monetary damages for an injury he sustained from swallowing a nail he alleged was in food he consumed while being housed at the Bowie County Correctional Center in Texas. The district court dismissed Smith's complaint for failure to state a claim upon which relief may

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

granted. *See* 28 U.S.C. § 1915A(b)(1). Smith moves this court to proceed in forma pauperis ("IFP") on appeal, which constitutes a challenge to the district court's certification that any appeal would not be taken in good faith because Smith will not present a nonfrivolous appellate issue. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

In his IFP pleadings and brief, Smith reasserts his argument that the defendants were deliberately indifferent by allowing a nail in his food. Smith, however, does not challenge the district court's determination that his claim was one of negligence, which is not cognizable in a § 1983 action. *See Eason v. Thaler*, 73 F.3d 1322, 1329 n.3 (5th Cir. 1996). The claim is therefore deemed abandoned. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). We do not consider his claims of judicial bias and conflict of interest raised for the first time in this appeal. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

Accordingly, Smith has failed to show a nonfrivolous issue with respect to the district court's dismissal of his § 1983 complaint. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). His motion to proceed IFP on appeal is therefore DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

The district court's dismissal of this case for failure to state a claim and our dismissal of the appeal as frivolous both count as strikes under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). Smith is WARNED that if he accumulates three strikes, he will no longer be allowed to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).